OPINION
Appellant, Jason Penrod, appeals a judgment of the Union County Court of Common Pleas finding him in violation of community control sanctions and confining him to the Department of Rehabilitation and Corrections. For the reasons set forth in the following opinion, we affirm the judgment of the trial court.
On July 9, 1999, Appellant knowingly and voluntarily pled guilty to the offenses of carrying a concealed weapon in violation of R.C. 2923.12(A), a fourth degree felony, and abduction in violation of R.C. 2905.02(A)(2), a third degree felony.
On August 31, 1999, a sentencing hearing was held pursuant to R.C. 2929.19. After considering the appropriate Revised Code sections regarding sentencing, the trial court sentenced Appellant to five years of community control. As part of the conditions of community control, the trial court ordered that Appellant obtain and maintain employment, and complete two hundred hours of community service. Also as a part of the community control, the court sentenced Appellant to six months in jail. However, the court gave Appellant the option of volunteering for the Union County Discipline and Rehabilitation Center and receiving work release in lieu of jail. Appellant chose to volunteer for the Discipline and Rehabilitation Center.
Thereafter, on December 20, 1999, Appellant's probation officer filed a notice of alleged probation violations with the trial court. At a hearing on December 27, 1999, Appellant admitted and the trial court found that he had been unsuccessfully terminated from the Discipline and Rehabilitation Center, which was a violation of his community control sentence.
As a result of the community control violation, the trial court ordered Appellant confined to the Department of Rehabilitation and Corrections for a term of seventeen months on the carrying a concealed weapon charge, and eleven months on the abduction charge, to be served consecutively. Appellant was granted one hundred seven days of prior jail time credit and twelve days of current jail time credit.
Appellant timely appeals the trial court's December 27, 1999 judgment confining him to the Department of Rehabilitation and Corrections, assigning two errors for our review.
Assignment of Error No. 1
 Appellant was denied effective assistance of counsel in his community control revocation hearing as guaranteed by the Sixth Amendment, which resulted with the court revoking Appellant's community control and sentencing him to prison.
 The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, guarantees criminal defendants the right to the effective assistance of counsel. State v. Johnson (1986), 24 Ohio St.3d 87 . The Supreme Court of Ohio set forth the test for determining ineffective assistance of counsel as:
 Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle (1976), 48 Ohio St.2d 391, 2 O.O3d 495, 358 N.E.2d 623; Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
 State v. Bradley (1989), 42 Ohio St.3d 136, at syllabus paragraphs 2, 3. In addition, "the burden of proving ineffectiveness is on the defendant." State v. Smith (1985), 17 Ohio St.3d 98, 100.
Appellant first argues that his counsel was ineffective because he failed to present a defense to the allegations that Appellant was properly terminated from the Discipline and Rehabilitation Center. Despite the State's argument, Appellant claims that he did not admit to the violations as charged. In support, Appellant notes that at the hearing on December 27, 1999 when asked whether he admits or denies the allegations, his attorney responded by stating that Appellant admits to being terminated from the Discipline and Rehabilitation Center. According to Appellant, this is not an admission of the underlying alleged rule violations that serve as the basis for the termination.
The record clearly establishes, however, that Appellant admitted to both the termination and the underlying behavior causing the termination with which he was charged. During the hearing, Appellant's attorney, Mr. Aslaner, stated:
The Court: All right. Mr. Aslaner, is there a statement?
 Mr. Aslaner: Yes, Your Honor. Mr. Penrod certainly does not want to go to prison. He's before the court today, Your Honor. He's taking responsibility for not successfully completing DRC. * * * [Emphasis added.]
 Because Appellant fully admitted to the violation, we find that his attorney's conduct did not fall below an objective standard of reasonable representation and, thus, was not ineffective in this respect. Appellant's distinction is not well taken.
Next, Appellant argues that although his attorney presented direct evidence regarding his work schedule while volunteering with the Discipline and Rehabilitation Center, his attorney failed to verify the number of community service hours completed by Appellant, and failed to produce evidence that Appellant had nearly completed his GED requirements. Additionally, Appellant argues that his attorney failed to object to testimony offered by the State, and failed to ask for a dismissal of the proceeding.
Pursuant to Bradley, above, however, Appellant has failed to demonstrate that without the alleged ineffectiveness of his attorney the result of the hearing would be any different. The record indicates that at the hearing the trial court properly considered the seriousness and recidivism factors pursuant to R.C.2929.12, and sentenced Appellant within the parameters of R.C.2929.14. The record also indicates that pursuant to R.C. 2929.15
Appellant was clearly warned of potential punishments for violating the terms of his community control sanctions when he initially pled guilty to the offenses.
Accordingly, Appellant's first assignment of error is not well taken and is therefore overruled.
Assignment of Error No. 2
 The trial court's decision to revoke Appellant's community control and impose a prison sentence was against the manifest weight of the evidence and an abuse of discretion.
 An abuse of discretion by the trial court "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant first notes that the State has the burden of producing substantial proof by a preponderance of the evidence that Appellant violated the terms of his community control sanctions. Appellant argues that the State has failed to provide credible evidence to support his underlying termination from the Discipline and Rehabilitation Center, and presented no witnesses to contradict Appellant's own testimony at the hearing. Additionally, Appellant claims that the State has not presented any evidence to support the revocation of the community control sanctions.
Conversely, the State argues that Appellant is overlooking the fact that he admitted at the hearing that he had violated the provisions of his community control sentence by being terminated from the Discipline and Rehabilitation Center. We agree. As we stated above, the record clearly indicates that Appellant admitted to the violation. Therefore, because of Appellant's admission, there is no need for the State to introduce evidence to support Appellant's underlying termination from the Discipline and Rehabilitation Center. Additionally, pursuant to R.C. 2929.15
Appellant's admission of the violation is sufficient to support the revocation of his community control sanctions.
Accordingly, Appellant's second assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the decision of the trial court.
Judgment affirmed.
 ______________________________ WALTERS, PRESIDING JUDGE
 SHAW and BRYANT, JJ., concur.